UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAUNCEY L. WILLIAMS,

                    Petitioner,

          v.

UNITED STATES OF AMERICA,

                    Respondent.

CASE NO. C16-5559 BHS
               CR11-5505BHS

ORDER DENYING
PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR
CORRECT SENTENCE

This matter comes before the Court on Petitioner Chauncey L. Williams's

("Williams") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.

§ 2255. Dkt. 1. The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby denies the motion for

the reasons stated herein.

## I. BACKGROUND

On January 24, 2013, Williams was convicted of armed postal robbery in violation

of 18 U.S.C. § 2114(a). CR11-5505, Dkts. 213, 246. Williams was also convicted of

brandishing a weapon in furtherance of a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(ii). *Id.* The Court calculated Williams's Sentencing Guidelines range as 63–

78 months on the armed postal robbery charge and a mandatory consecutive minimum of

84 months on the "brandishing in furtherance" charge, for an effective total range of 147

1  to 162 months. *Id.*, Dkt. 274 at 8. On February 10, 2014, the Court sentenced Williams

2  below the guidelines range to 120 total months of imprisonment. *Id.*, Dkts. 245, 246.

3        On June 24, 2016, Williams filed the instant petition. Dkt. 1. Williams argues that

4  his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) was unconstitutional on the basis that

5  armed postal robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* He

6  seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), and

7  *Welch v. United States*, 136 S. Ct. 1257 (2016). *Id.* On November 14, 2016, the

8  Government responded. Dkt. 10. The Government opposes Williams's motion on

9  numerous procedural grounds and also argues that *Johnson II* is inapplicable to

10 Williams's sentence. *Id.* On December 13, 2016, Williams replied. Dkt. 13.

11       On February 15, 2017, the Court requested supplemental briefing in light of the

12 Ninth Circuit's previous ruling in *United States v. Hasan*, 983 F.2d 150 (9th Cir. 1992).

13 In *Hasan*, the Ninth Circuit determined that postal robbery under 18 U.S.C. § 2114(a)

14 categorically qualifies as a crime of violence under the elements clause of U.S.S.G. §

15 4B1.2(a)(1). *Id.* at 151.

16       On February 27, 2016, Williams filed supplemental briefing. Dkt. 15. On March 7,

17 the Government filed its supplemental briefing. Dkt. 18. On March 17, 2017, Williams

18 replied. Dkt. 21.

19                      **II. DISCUSSION**

20       Williams argues that his sentence is unconstitutional on the basis that he was

21 wrongly convicted under 18 U.S.C. § 924(c)(1)(A)(ii). "When collaterally attacked, [a]

22 judgment of a court carries with it a presumption of regularity." *Johnson v. Zerbst*, 304

1  U.S. 458, 468 (1938). Therefore, the burden is on Williams to establish, by a

2  preponderance of the evidence, that his "sentence was imposed in violation of the

3  Constitution or laws of the United States." 28 U.S.C. § 2255(a). *See also Zerbst*, 304 U.S.

4  at 468–69; *Simmons v. Blodgett*, 110 F.3d 39, 41–42 (9th Cir. 1997).

5  **A.   Legal Framework**

6         To be convicted under § 924(c)(1)(A)(ii), a defendant must have "brandished" a

7  firearm in furtherance of a predicate drug trafficking crime or a "crime of violence." 18

8  U.S.C. § 924(c)(1)(A)(ii). Williams argues that his conviction under 18 U.S.C. §

9  924(c)(1)(A)(ii) should be vacated on the grounds that the "residual clause" of 18 U.S.C.

10 § 924(c)(3)(B) is unconstitutional under *Johnson II* and, consequently, armed postal

11 robbery is no longer a predicate "crime of violence" under § 924(c)(3).

12        In *Johnson II*, the Court determined that the residual clause under 18 U.S.C. §

13 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is void for unconstitutional

14 vagueness. 135 S. Ct. 2551. The ACCA residual clause states:

15             The term "violent felony" means any crime punishable by
               imprisonment for a term exceeding one year, . . . that . . . is burglary, arson,
16             or extortion, involves use of explosives, *or otherwise involves conduct that
               presents a serious potential risk of physical injury to another.*

17 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Williams relies on *Johnson II* and the

18 Ninth Circuit's reasoning in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert.*

19 *granted*, 137 S. Ct. 31 (2016), to argue that the residual clause of § 924(c)(3)(B) is

20 likewise unconstitutionally vague. Similar to the ACCA, the § 924(c)(3) residual clause

21 provides:

22

1    For the purposes of this subsection, the term "crime of violence"
2    means an offense that is a felony and . . . *that by its nature, involves a
     substantial risk that physical force against the person or property of
     another may be used in the course of committing the offense.*

3    18 U.S.C. § 924(c)(3) (emphasis added).

4    However, before the Court determines whether the § 924(c)(3)(B) residual clause

5    is unconstitutional under *Johnson II*, the Court may first consider whether § 924(c)(3)(B)

6    is applicable to Williams's sentence. To do so, Williams must show that his armed postal

7    robbery conviction was categorized as a crime of violence under the residual clause, as

8    opposed to the elements clause of § 924(c)(3)(A). *See Knox v. United States*, C16-5502

9    BHS, 2017 WL 347469, at *2 (W.D. Wash. Jan. 24, 2017); *Doriety vs. United States*,

10   2:16-cv-00924-JCC, Dkt. 12 (W.D. Wash. 2016).

11   **B.    Elements Clause**

12   The Court determines that Williams's conviction under 18 U.S.C. § 2114(a)

13   constitutes a crime of violence under the elements clause of § 924(c)(3)(A). Although not

14   every § 2114(a) offense will qualify as a crime of violence under the categorical

15   approach, § 2114(a) is divisible and Williams's conviction for armed robbery constitutes

16   a crime of violence under the modified categorical approach.

17   **1.    Categorical Approach**

18   Generally, "[t]o determine whether an offense qualifies as a 'crime of violence'

19   under section 924(c)(3), the Ninth Circuit applies the 'categorical approach' set forth in

20   *Taylor v. United States*, 495 U.S. 575 (1990)." *United States v. Bell*, 158 F. Supp. 3d 906,

21   910 (N.D. Cal. 2016) (citing *United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir.

22

2006)). Under the categorical approach, "[i]f the elements of the offense criminalize a broader swath of conduct than the conduct covered by the [§ 924(c)(3)] definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition." *United States v. Bell*, 158 F. Supp. 3d 906, 911 (N.D. Cal. 2016).

The postal robbery statute states:

> A person who assaults any person having lawful charge, control, or custody of any mail matter . . . with intent to rob, steal, or purloin such mail matter . . . or robs or attempts to rob any such person of mail matter, . . . shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person . . . or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

In *Hasan*, the Ninth Circuit determined that, under the categorical approach, postal robbery under 18 U.S.C. § 2114(a) qualifies as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a)(1). 983 F.2d at 151. Although *Hasan* was decided in the context of the United States Sentencing Guidelines, the elements clause of U.S.S.G. § 4B1.2(a)(1) and that of § 924(c)(3)(A) are nearly identical—the only difference being that § 924(c)(3)(A) encompasses crimes against property in addition to those against the person. U.S.S.G. § 4B1.2(a)(1); 18 U.S.C. § 924(c)(3)(A). Williams argues that *Hasan* should not control the Court's assessment of § 924(c)(3) because, when *Hasan* was decided, the Ninth Circuit had not yet informed its interpretation of the term "physical force" with the "violent force" standard subsequently set forth in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"). In *Johnson I*, the Supreme Court determined

1   that the phrase "physical force," as it appears in the residual clause of the ACCA, "means

2   *violent* force—that is, force capable of causing physical pain or injury to another person."

3   559 U.S. at 140. Unless *Hasan* is irreconcilable with *Johnson I*, the Court must follow

4   *Hasan*'s holding that convictions under § 2114(a) include as an element the use,

5   attempted use, or threatened use of physical force against the person of another. *See*

6   *United States v. Dunn*, 728 F.3d 1151, 1156–57 (9th Cir. 2013).

7       A party may be convicted under 18 U.S.C. § 2114(a) for either (1) robbing or

8   attempting to rob, or (2) assaulting with the intent to rob, steal, or purloin. The Ninth

9   Circuit adopted the Seventh Circuit's reasoning that, in § 2114(a), "[t]he word 'rob' is

10  used in its common law sense, that is, it involves the taking, animo furandi, and

11  asportation of property from the person of another against his will *by violence or putting*

12  *him in fear*." *Hasan*, 983 F.2d at 151 (quoting *United States v. Rodriguez*, 925 F.2d 1049,

13  1052 (7th Cir. 1991)) (emphasis in original). In determining that the "robbery" aspect of

14  § 2114(a) satisfies the U.S.S.G. § 4B1.2(a)(1) elements clause, the Circuit in *Hasan*

15  addressed the contention that "robbery" is overbroad because it encompasses violence

16  against one's property and not just one's person. *Id.* Emphasizing that robbery required a

17  taking "by violence or putting [one] in fear," and also relying upon the express statement

18  regarding robbery in the application notes to the sentencing guidelines, the Circuit held

19  that "the offense of postal robbery as defined by 18 U.S.C. § 2114 is [a crime of

20  violence]." *Id.* at 152.

21      As the term "assault" in § 2114(a) lacks a statutory definition, it too takes on its

22  common law meaning, which in the Ninth Circuit requires "either a willful attempt to

1  inflict injury upon the person of another, or . . . a threat to inflict injury upon the person

2  of another which, when coupled with an apparent present ability, causes a reasonable

3  apprehension of immediate bodily harm." *United States v. Chapman*, 528 F.3d 1215,

4  1219–20 (9th Cir. 2008) (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir.

5  1976)). Therefore, the Circuit concluded in *Hasan* that "[i]nsofar as [§ 2114(a)] applies to

6  one who 'assaults any person' with the intent to commit one of the specified actions, 'the

7  use, attempted use, or threatened use of physical force against the person of another' is

8  obviously an element of the offense established by this provision." *Hasan*, 983 F.2d 150,

9  151 (9th Cir. 1992).

10        At first blush, it appears to the Court that the common law definitions of "assault"

11 and "robbery" referenced in *Hasan* plainly include as an element the use, attempted use,

12 or threatened use of the violent physical force contemplated in *Johnson I*. However, the

13 Ninth Circuit has concluded otherwise since *Hasan*. Previous to *Hasan*, the Ninth Circuit

14 had recognized that the common law definition of assault "does not require that any

15 particular level of force be used." *United States v. Sommerstedt*, 752 F.2d 1494, 1496

16 (9th Cir. 1985). In light of that holding in *Sommerstedt*, the Ninth Circuit has since held

17 that the term "assault" under 18 U.S.C. § 111(a) "criminalizes a broader swath of conduct

18 than the conduct covered by [the violent force] definition" in *Johnson I* and, therefore,

19 such an assault "is not, categorically, a crime of violence."[1] *United States v. Dominguez-*

20 _____

21        [1] As a note, the Court observes that *Dominguez-Maroyoqui* fails to address that
   *Sommerstedt*'s holding focused narrowly on upholding assault convictions under § 111(a)

22 regardless of the level of force actually *used* by the defendant. The *Sommerstedt* decision does

*Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014). It appears that 18 U.S.C. § 111(a) relies

upon the same common law definition of "assault" as § 2114(a). *Compare Hasan*, 983

F.2d at 151 (citing *United States v. Lawrence*, 699 F.2d 697, 702 (7th Cir. 1983)

("Assault as proscribed by the statute includes either an attempted battery or the placing

of another in reasonable apprehension of bodily harm.")) *with Dominguez-Maroyoqui*,

748 F.3d at 921 (citing *Chapman*, 528 F.3d at 1221). Accordingly, under the Ninth

Circuit's reasoning in *Dominguez-Maroyoqui*, a conviction under § 2114(a) for assaulting

a postal worker does not categorically match the crime of violence definition found in the

elements clause.

The Ninth Circuit has not addressed whether the common law form of robbery

contemplated under § 2114(a) requires the level of violent force described by *Johnson I*.

The notion that a conviction for the type of common law robbery contemplated by §

2114(a) should not require the prosecution to prove the type of violent force necessary to

qualify under the elements clause strikes the Court as counterintuitive, if not absurd. *See*

*United States v. Parnell*, 818 F.3d 974, 982 (9th Cir. 2016) (Watford, concurring).

---

not purport to relieve the prosecution of its burden to prove the elements of an assault (that are expressly set forth in that opinion) which require either (1) a willful attempt to inflict injury, or (2) a threat to inflict injury, coupled with apparent present ability, that causes a reasonable apprehension of immediate bodily harm. *Sommerstedt*, 752 F.2d at 1496. Accordingly, while *Sommerstedt* held that a § 111(a) assault does not require the *use* of any particular level of force, it seems that such a conviction still requires that a defendant *attempt* or *threaten* to use a type of force that would cause bodily harm or injury. The elements clause specifically includes not only the use of force, but also the threatened or attempted use thereof. *See* 18 U.S.C. § 924(c)(3)(A). Accordingly, despite *Dominguez-Maroyoqui*'s holding, it seems wholly illogical that a court could conclude that "assault" does not necessarily include a threatened or attempted use of "force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140.

1    However, at least one other District Court in the Ninth Circuit has concluded that it does

2    not. *See United States v. Bell*, 158 F. Supp. 3d 906, 919–20 (N.D. Cal. 2016). The District

3    Court in *Bell* relied upon the fact that the Seventh Circuit, in *Rodriguez*, has previously

4    held that a § 2114(a) robbery could be committed by using only minimal force. *Id.*

5    *Rodriguez* is the very case from which the Ninth Circuit drew its definition of "robbery"

6    when deciding *Hasan. See Hasan*, 983 F.2d at 151.

7         The Court adopts the reasoning expressed in *Bell* because, under the Seventh

8    Circuit's analysis in *Rodriguez*, a robbery conviction under § 2114(a) requires only a *de*

9    *minimis* use of force, and *Hasan* expressly relied upon *Rodriguez* in its construction of §

10   2114(a). Accordingly, the Court finds that it is bound by the Ninth Circuit's reasoning in

11   *Dominguez-Maroyoqui*. When a conviction may be upheld based on the use of minimal

12   force, it does not categorically require the violent type of force necessary to qualify under

13   the elements clause. *See United States v. Howard*, 650 Fed. Appx. 466, 468 n.1 (9th Cir.

14   2016), *as amended* (June 24, 2016) ("This circuit has held that crimes that require only a

15   *de minimis* use of force do not qualify as crimes of violence . . . .").

16        Based on the foregoing, the Court finds that the Ninth Circuit's decision in *Hasan*

17   is irreconcilable with *Johnson I*, at least to the extent that *Hasan* may be applied in the

18   context of § 924(c)(3),[2] and *Hasan* therefore does not control the Court's decision in this

19   case. Moreover, the Court finds that, under the most recent reasoning of the Ninth

20

21   ───────────────

22        [2] The Court notes that it does not assess the effect of *Johnson I* on the *Hasan* holding as it applies to U.S.S.G. § 4B1.2(a)(1).

Circuit, assault and robbery under 18 U.S.C. § 2114(a) are not crimes of violence under the § 924(c)(3)(A) elements clause.

### 2. Modified Categorical Approach

Even if a crime does not qualify as a crime of violence under the standard categorical approach, it may nonetheless qualify under the modified categorical approach.

> The modified categorical approach allows courts to look beyond the statutory text to a limited set of documents to determine the elements of the . . . offense of which the defendant was convicted when some alternative elements of the . . . crime would match the federal, generic crime, and other alternative elements would not.

*Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014).

The Supreme Court "has recognized a 'narrow range of cases' in which courts may apply the 'modified categorical approach.'" *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). Specifically, Courts may apply the modified categorical approach only where a statute has a "divisible structure," meaning that the statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). However, a statute is not divisible if it lists only alternative *means* of satisfying a single element. *See id.* at 2256. Whether a statutory clause sets forth alternative means or elements can generally be determined on the face of the statute: "where a statute sets out separate punishment clauses, each adding further elements to the crime, the punishment clauses constitute separate and distinct criminal offenses, rather than one offense with different punishments." *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) (citing *Jones v. United States*, 526 U.S. 227, 252 (1999). *See also Mathis*, 136 S. Ct. at 2256. Ultimately, the underlying focus in

1  determining whether a statute lays out an alternative "means" or "element" is

2  distinguishing whether "things must be charged (and so are elements) [or] need not be

3  (and so are means)." *Mathis*, 136 S. Ct. at 2256.

4        The Court concludes that the statute is divisible. The statute at issue describes two

5  levels of offenses subject to different punishments. First, it describes the basic version of

6  the crime, punishable by ten years, which may be committed by robbing, attempting to

7  rob, or assaulting with the intent to rob, steal, or purloin. 18 U.S.C. § 2114(a). Second, it

8  describes an aggravated crime punishable by twenty-five years, which requires that, in

9  the course of the basic offense, the offender wound the victim or put his life in jeopardy

10 by use of a dangerous weapon. *Id.* Therefore, § 2114(a) is divisible into two separate

11 parts, at the very least.[3]

12       As a divisible statute, the Court may consult charging information and jury

13 instructions to determine under which part of the statute Williams was convicted. *Mathis*

14 *v. United States*, 136 S. Ct. 2243 at 2249 ("Under [the modified categorical] approach, a

15 sentencing court looks to a limited class of documents (for example, the indictment, jury

16 instructions, or plea agreement and colloquy) to determine what crime, with what

17 elements, a defendant was convicted of."). Consulting the jury instructions in this case, it

18 is clear that Williams was convicted of the aggravated form of robbery that included as

19

20 _____

21      [3] It appears that the § 2114(a) is actually divisible into four separate crimes: (1) assault,
   (2) robbery, (3) robbery aggravated by wounding, and (4) robbery aggravated by the use of a
22 dangerous weapon. Because Williams was convicted of the aggravated crime, the Court need not
   consider the divisibility of the unaggravated provisions.

1   an element that he put the victim's life in jeopardy by use of a dangerous weapon. Cause

2   No. CR11-55505, Dkt. 127 at 12–13. *See also id.*, Dkt. 26.

3       Williams argues that, even if the statute is divisible, an element of placing the

4   victim's life in jeopardy by use of a deadly weapon is still not a categorical match for the

5   violent force required by *Johnson I.* To support this argument, Williams places great

6   emphasis on the Ninth Circuit's analysis in *Parnell*. In that case, the Ninth Circuit

7   decided that Massachusetts' armed robbery statute did not require the necessary level of

8   violent force to constitute a crime of violence. 818 F.3d at 981. To reach that conclusion,

9   the Circuit noted that the "statute does not require a weapon be used or displayed, or even

10  that the victim be aware of it." *Id.* at 980. Therefore, the Circuit concluded that, "because

11  the degree of force required to commit armed robbery in Massachusetts is immaterial so

12  long as the victim is aware of it, Massachusetts' armed robbery statute does not have as

13  an element the use, attempted use, or threatened use of physical force against the person

14  of another." *Id.* at 981 (quotation marks omitted).

15      Under § 2114(a) however, the degree of force implicated by the aggravated crime

16  is not immaterial. Instead, the aggravated crime expressly requires (1) force that is

17  sufficient to "wound" or (2) the use of a dangerous weapon that "puts [the victim's] life

18  in jeopardy." 18 U.S.C. § 2114(a). The Ninth Circuit has recognized that "[p]utting life in

19  jeopardy . . . requires 'a holdup involving the use of a dangerous weapon *actually so used*

20  *during the robbery* that the life of the person being robbed is placed in an objective state

21  of danger.'" *United States v. Coulter*, 474 F.2d 1004, 1005 (9th Cir. 1973) (quoting

22  *Wagner v. United States*, 264 F.2d 524, 530 (9th Cir. 1959)) (emphasis added). Under

1   this standard for "putting life in jeopardy" the Court concludes that the aggravated form

2   of § 2114(a) robbery necessarily includes as an element the use, attempted use, or

3   threatened use of force capable of causing physical pain or injury.

4          Other courts considering the similar language found in § 2113(d) have likewise

5   concluded that placing one's "life in jeopardy by the use of a dangerous weapon"

6   categorically satisfies the elements clause. *See, e.g.*, *McFarland v. United States*, CR 00-

7   1025-JFW, 2017 WL 810267, at *7 (C.D. Cal. Mar. 1, 2017) ("[§ 2113](d)'s additional

8   element that the defendant 'puts in jeopardy the life of any person by the use of a

9   dangerous weapon,' categorically defines Counts 2 and 4 as a 'crimes of violence.'");

10  *United States v. Watson*, 14-00751-01 DKW, 2016 WL 866298, at *7 (D. Haw. Mar. 2,

11  2016) ("2113(d)'s additional element that one 'puts in jeopardy the life of any person by

12  the use of a dangerous weapon,' categorically defines Count 5 as a 'crime of violence.'").

13  The few decisions the Court can find considering the language as it appears in § 2114(a)

14  have also reached the same conclusion. *Bryant v. United States*, 2:09-CR-796-PMD,

15  2017 WL 878041, at *2 (D.S.C. Mar. 6, 2017); *United States v. Enoch*, 15 CR 66, 2015

16  WL 6407763, at *3 (N.D. Ill. Oct. 21, 2015) ("It is beyond question that a robbery that

17  puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under

18  the *Johnson* definition and section 924(a).").

19         Finally, the Court notes that its analysis is unaffected by the fact that the twenty-

20  five year maximum that applies to the enhanced crime may be triggered by a subsequent

21  basic offense under § 2114(a). *See* 18 U.S.C. § 2114(a) (" . . . or for a subsequent offense,

22  shall be imprisoned not more than twenty five years."). As noted above, the ultimate task

1    in construing a divisible statute is distinguishing what elements of the statute must be

2    charged by the prosecution and found by a jury. If the Government sought to rely upon

3    the subsequent offense clause of § 2114(a), it would be required to charge, and so prove,

4    at least two separate instances of the § 2114(a) basic offense. Alternatively, where the

5    Government seeks to rely upon the aggravated crime of robbery and placing a victim's

6    life in danger by use of a dangerous weapon, it must charge and prove the aggravating

7    factor as an element, as it did here. *See* Cause No. CR11-55505, Dkt. 26.

8         Because the Court concludes that Williams's conviction categorically qualifies as

9    a crime of violence under the elements clause of § 924(c)(3)(A), the petition must be

10   denied.

11   **C.    § 924(c)(1)(A)(ii)**

12        Additionally, the Court notes the oddity that it must consider whether the

13   underlying crime of armed mail robbery under 18 U.S.C. § 2114(a) constitutes a "crime

14   of violence," when 18 U.S.C. § 924(c)(1)(A)(ii) itself requires that a jury convict the

15   defendant of "brandishing" a firearm.

16        Under § 924(c)(4):

17        [T]he term "brandish" means, with respect to a firearm, to display all or
          part of the firearm, or otherwise make the presence of the firearm known to
18        another person, *in order to intimidate that person*, regardless of whether the
          firearm is directly visible to that person.

19   18 U.S.C. § 924(c)(4).

20        To the extent that the "brandishing" enhancement under 18 U.S.C. §

21   924(c)(1)(A)(ii) is an *element* of a crime that requires conviction by a jury, *see Alleyne v.*

22

1    *United States*, 133 S. Ct. 2151, 2163 (2013), it would appear that any crime that is

2    accompanied by a conviction under the § 924(c)(1)(A)(ii) enhancement should

3    necessarily qualify as a crime of violence. While the term "intimidate" does not

4    necessarily require an express threat of violent physical force, *see United States v.*

5    *Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983), the term "brandish" goes further by

6    requiring a knowing and willful threat of violent physical force: specifically, that a

7    defendant communicate the possession of a firearm in order to intimidate a victim. Such

8    an offense would certainly qualify as a "threatened use of physical force" under the

9    elements clause of § 924(c)(3). While the Court understands that the enhancements under

10   § 924(c)(1)(A) are for possession of a firearm *in furtherance* of a crime of violence, it

11   seems illogical to conclude that any underlying predicate should not be considered a

12   crime of violence when accompanied by the "brandishing" of a firearm.

13          Regardless, the Court need not address whether a conviction enhanced by 18

14   U.S.C. § 924(c)(1)(A)(ii) is necessarily a crime of violence, because Williams's

15   underlying offense under 18 U.S.C. § 2114(a) already qualifies under the elements clause

16   of § 924(c)(3)(A). Moreover, while Williams was convicted by a jury of possessing a

17   firearm in violation of § 924(c)(1)(A), the fact that he was convicted in early 2013 means

18   that his "brandishing" of a firearm was treated as a judicial determination at sentencing—

19   not a finding at trial by a jury.[4] *See* Dkt. 209 at 16. *See also United States v. O'Brien*, 560

20

21          [4] Notably, Williams was convicted in January of 2013 and was sentenced in February of

22   2014, meaning that *Alleyne* was already decided at the time of Williams's sentencing. *See* 133 S.
     Ct. at 2151. Nonetheless, the issue of ineffective assistance of counsel is not before the Court

1   U.S. 218, 233 (2010), *overruled by Alleyne*, 133 S. Ct. 2151 (citing *Harris v. United*

2   *States*, 536 U.S. 545, 546 (2002)) ("[S]ections 924(c)(1)(A)(ii) and (iii) provide

3   sentencing enhancements for brandishing or discharging the firearm, and the [Supreme]

4   Court has held that these enhancements are sentencing factors to be found by a judge.").

5   **D.    Certificate of Appealability**

6          Williams also requests that the Court issue a certificate of appealability for his

7   petition. In order to proceed with any appeal, a petitioner must receive a certificate of

8   appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v.*

9   *Ornoski*, 435 F.3d 946, 950–951 (9th Cir. 2006); *see also United States v. Mikels*, 236

10  F.3d 550, 551–52 (9th Cir. 2001). Generally, a petitioner must make "a substantial

11  showing of the denial of a constitutional right" to warrant a certificate of appealability.

12  *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

13         In this case, the Court finds that "jurists of reason would find it debatable whether

14  the petition states a valid claim . . . ." *Slack*, 529 U.S. at 484. The Ninth Circuit has not

15  previously considered the level of force required for the prosecution to obtain a

16  conviction on an aggravated § 2114(a) charge in relation to the level of force required to

17  constitute a "crime of violence" under *Johnson I*. The Court is convinced that the

18  requirement that a firearm be "actually so used during the robbery that the life of the

19

20  ─────────────────────
    and, regardless, Williams's judgment became final on February 24, 2014. Dkt. 246. *See also* Fed.
21  R. App. P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1). Also, it appears that any claim based on *Alleyne*
    would likely be procedurally defaulted, as Williams never appealed his conviction. *See United*
22  *States v. Braswell*, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007). Therefore, the Court is powerless to
    address this aspect of Williams's sentence calculation.

person being robbed is placed in an objective state of danger," *Coulter*, 474 F.2d at 1005, indicates a level of force that satisfies the *Johnson I* standard. Nonetheless, the Court sees how another court could disagree regarding the construction of § 2114(a) and the requisite force to obtain a conviction. *See Rodriguez*, 925 F.2d at 1052–53 ("The government is not obliged to prove that a gun held by the perpetrator of a postal robbery is pointed at the victim, just as it is not obliged to prove that the gun was actually loaded or that the perpetrator of the crime was disposed to use the weapon. The use of a gun is *per se* sufficient cause to impose the enhanced sentence.") (Citation and quotation marks omitted). *Cf. United States v. Hudson*, 564 F.2d 1377, 1380 (9th Cir. 1977) ("[T]o place lives in jeopardy by the use of a dangerous weapon meant more than merely subjecting the victims to force and fear. The test for jeopardy is an objective one, requiring actual danger.") (citations omitted). Accordingly, the Court grants Williams's request for a certificate of appealability.

## III. ORDER

Therefore, it is hereby **ORDERED** that Williams's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**. Williams's request for a certificate of appealability is **GRANTED**. The Clerk shall enter judgment and close this case.

Dated this 29th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 17